ST. PAUL, J., absent on account of illness, takes no part.

147 So. 51

TEMPLEMAN BROS., Inc., v. MERRITT, CHAPMAN & WILLIAMS CORPORATION et al.

No. 32006.

Feb. 27, 1933.

Rehearing Denied March 27, 1933.

M'Caleb & M'Caleb and E. Howard M'Caleb, all of New Orleans, for appellants.

Alex W. Swords, of New Orleans, for appellee.

LAND, Justice.

B. W. Construction Company of Chicago, general contractor, entered into a building contract with James K. Feibleman Realty Company for the erection of a six-story and basement retail store building on a lot of ground forming the corner of Baronne and Common streets, in the square bounded by Dryades and Gravier streets, in the city of New Orleans.

Independence Indemnity Company of Pennsylvania became the surety on the building contract bond executed by B. W. Construction Company.

Merritt, Chapman & Williams Corporation, a Louisiana corporation, was the subcontractor, and agreed to furnish all labor, material, and equipment and to drive sheet piling and piling for the foundation of the Feibleman store building.

Templeman Bros., Inc., has brought the present suit to recover the sum of $2,597.50 for certain piling alleged to have been furnished to Merritt, Chapman & Williams, subcontractor, and to have been actually used in the construction of the store building of the Feibleman Company.

Plaintiff prays for the recognition of a first lien, as furnisher of material, on the lot and store building of the Feibleman Company, in the sum of $2,597.80, and for judgment in solido in that amount against B. W. Construction Company, general contractor, and Independence Indemnity Company, surety on the general contractor's bond, and against Merritt, Chapman & Williams Corporation, subcontractor, with legal interest from judicial demand.

As against Independence Indemnity Company, surety, plaintiff prays for judgment, under Act No. 225 of 1918, in the additional sum of 10 per cent. as attorney's fees, on the averment that more than thirty days elapsed, after receipt of notice by the principal and surety, without payment being made.

Merritt, Chapman & Williams Corporation, subcontractor, has reconvened and prays for judgment against plaintiff in the sum of $806.80, on the averment that defendant corporation entered into a contract with George S. Balmer Company for furnishing all the piling required in the foundation of the Feibleman building, that plaintiff and the George S. Balmer Company are one and the same person, and that, by reason of the failure of plaintiff to comply with its contract, and the instructions of plaintiff to defendant corporation to carry out same, defendant corporation purchased piling from various concerns and suffered a loss of $806.80, the difference in price at which plaintiff had agreed to furnish defendant with the necessary piling and the market price paid by defendant.

A bond having been furnished to plaintiff with Merritt, Chapman & Williams Corporation, as principal, and United States Guarantee Company, as surety, under the provisions of Act No. 246 of 1926, and having been accepted by plaintiff, and plaintiff having agreed to the erasure of its recorded privilege against the premises of James K. Feibleman Company, plaintiff's suit was dismissed and discontinued as to the defendants James K. Feibleman Company and B. W. Construction Company, on the joint motion of plaintiff and of these companies, without prejudice to any of plaintiff's rights.

Judgment was rendered in the court below in favor of plaintiff, Templeman Bros., Inc., and against Merritt, Chapman & Williams Corporation and Independence Indemnity Company, jointly and in solido, in the sum of $2,020.29, with legal interest thereon until paid.

The reconventional demand of defendant Merritt, Chapman & Williams Corporation and plaintiff's incidental demand for attorney's fees against Independence Indemnity Company were both rejected, and the Merritt, Chapman & Williams Corporation was condemned to pay all costs of the proceedings.

From this judgment, these defendants have appealed.

1. We agree with the trial judge that, when the attempt is made in this case to show that the Balmer contract was in truth and in fact the contract of the plaintiff, the Templeman Bros., the evidence fails. The reconventional demand of defendant Merritt, Chapman & Williams Corporation was therefore properly rejected.

2. There is no dispute as to the delivery by plaintiff of the piles, nor as to the price therefor. Plaintiff was therefore entitled to recover.

3. As the recovery in this case was less than the amount demanded by plaintiff before suit, plaintiff is not entitled to an attorney's fee. Act No. 225 of 1918.

Judgment affirmed.

ST. PAUL, J., absent on account of illness, takes no part.